UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| LESA KARAPONDO, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-cv-91 (TSC) |
| DEPARTMENT OF LABOR *et al.*, | ) ) ) | |
| Respondents. | ) ) ) | |

## **MEMORANDUM OPINION**

Petitioner seeks a writ of mandamus against Respondent Department of Labor and several of its employees. Pending is the agency's Response to the Order to Show Cause and Motion to Dismiss and for Summary Judgment, ECF No. 13. For the following reasons, Respondents' motion to dismiss will be GRANTED.

### I.  BACKGROUND

**1. Factual Allegations**

Petitioner is "the natural daughter of Peter Nick Karapondo" who was allegedly exposed "to far greater Radiation Levels than was legally allowed" while employed at the Feed Materials Production Center in Fernald, Ohio. Pet. at 7; *see* Ex. 1 to Decl. of Rachel P. Leiton, ECF No. 10-2 at 5.[1] Petitioner's father developed, among other

---

[1] Respondents' declarant is a Division Director in the Department of Labor's Office of Workers' Compensation Program ("OWCP"). Decl. of Rachel P. Leiton ¶ 1, ECF No. 10-2.

maladies, "abdominal cancer" and "chronic emphysema," and died at the age of 35 after having "suffered immensely." Pet. at 7-8.

### 2. Statutory Framework and Administrative Claims

Respondent confirms that Petitioner's father worked from September 28, 1953, to April 26, 1954, at a Department of Energy (DOE) facility that ceased operations in 1989. Resp. Mem. at 5-6, ECF No. 10-1. Under the Energy Employees Occupational Illness Compensation Act of 2000 ("Compensation Act"), 42 U.S.C. §§ 7384–7385s, certain employees or their eligible survivors may apply to the OWCP for compensation for illnesses caused by their exposure to radiation and other toxic substances "in the performance of their duty for" DOE "and certain of its contractors and subcontractors." *Id.* § 7384d(b); *see also* Resp. Mem. at 2-3. Under Part B of the Act, titled Program Administration, covered employees or certain of their survivors may receive a lump-sum payment of $150,000. *See* 42 U.S.C. § 7384s. Under Part E of the Act, titled Contractor Employee Compensation, "certain DOE contractor employees" or their eligible survivors may receive additional compensation "for permanent impairment and/or wage-loss due to a 'covered' illness resulting from work-related exposure to toxic substances at a DOE facility." Mem. at 2 (citing 42 U.S.C. § 7385s); *see* Leiton Decl., Ex. 3 (confirming that Petitioner's father was a chemical operator for a DOE contractor). An eligible survivor is so entitled only "if the deceased employee would have been entitled to compensation [under Part E] for a covered illness; and it is 'at least as likely as not'" that the employee's exposure "was a significant factor in aggravating, contributing to, or causing [his] death." 42 U.S.C. § 7385s-3(a)(1)).

2

On August 13, 2012, Petitioner applied for survivor benefits under Parts B and E, "alleging that her late father developed colon cancer as a result of his employment at the Feed Materials Production Center." Leiton Decl. ¶ 3. In a final decision issued on February 26, 2014, OWCP's Final Adjudication Branch denied Petitioner's claim "under Parts B and E on the ground that data" provided by the National Institute for Occupational Safety and Health "showed that it was not 'at least as likely as not'" that her "father's colon cancer was caused by exposure to radiation during his employment at the FMPC." Leiton Decl. ¶¶ 3, 5.

On December 5, 2016, Petitioner filed "a new claim under Part E for her father's death that was due, in part, to emphysema, and for other alleged illnesses." *Id*. ¶ 8. In a final decision issued on November 3, 2017, following a hearing, the Final Adjudication Branch denied Petitioner's claim "on the ground that there was insufficient evidence to establish that her father's work-related exposure to a toxic substance was 'at least as likely as not' a significant factor causing, contributing to or aggravating his death due, in part, to emphysema and other alleged illnesses." *Id*. ¶¶ 8-12.

**3. Mandamus Claim**

In this case, Petitioner alleges that she "filed an action before the Department of Labor . . . explaining that her father was mortally injured as a result of his employment with The Fernald Plant," which "over-radiated him on a daily basis." Pet. at 8. Petitioner asserts that (1) Congress has enacted laws to "provide a measure of compensation" to Nuclear Power Workers who become "victims" of exposure, (2) her father met the "250-day employment requirement," and (3) her father's colon "Cancer is

one of the 22 enumerated Cancers so listed for summary compensation." *Id*. Petitioner concludes, therefore, that the Labor Secretary "has no discretion than to award such compensation for [her] Colon Cancer Claim[.]" *Id*. She seeks issuance of a "mandamus order commanding" the Labor Secretary "to immediately issue compensation award payment of the Petitioner's colon cancer claim," and "commanding that Petitioner . . . be given due process and fair play and grant all possible discovery against [Respondent's] illegal abuses of the recordkeeping practices" with regard to her father's employment and medical records, particularly as to his radiation exposure. Pet. at 9-10.

## II.  LEGAL STANDARD

The mandamus statute grants district courts "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Fornaro v. James*, 416 F.3d 63, 69 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). The remedy of mandamus is "'a drastic one, to be invoked only in extraordinary circumstances.'" *Power*, 292 F.3d at 784 (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)).

## III.  ANALYSIS

Respondents argue that Petitioner is not entitled to a writ of mandamus because, among other reasons, she has an adequate administrative remedy to redress the agency's denial of her claims for survivor benefits. *See* Mem. at 20-21. The court agrees.

Under Part E of the Compensation Act, a "person adversely affected or aggrieved by a final decision" may seek judicial review "by filing . . . within 60 days after the date on which that final decision was issued a written petition praying that such decision be modified or set aside." 42 U.S.C. § 7385s-6. Although Part B does not contain a similar provision, it provides that payment of a claim constitutes full satisfaction "[e]xcept as provided in part E." *Id*. § 7385b. And, as Respondents note, courts have reviewed Part B claims under the Administrative Procedure Act. Mem. at 11 (citing cases); *see also Houston v. U.S. Dep't of Labor*, 318 F. Supp. 3d 1028, 1034 (W.D. Ky. 2018) ("Because Part B of the EEOICPA does not contain provisions allowing for or precluding judicial review, courts use the APA's 'arbitrary and capricious' standard when reviewing the [Final Adjudication Board's] final decisions.") (citing *Freeman v. U.S. Dep't of Labor*, 653 Fed. App'x 405, 409 (6th Cir. 2016)). Consistent with the APA, moreover, the Compensation Act confers jurisdiction in the district court "to affirm, modify, or set aside" the Secretary's decision "in whole or in part." 42 U.S.C. § 7385s-6. The decision may be modified or set aside "only if the court determines that such decision was arbitrary and capricious."[2] *Id*.

---

[2]  As indicated *supra* at 3-4, Petitioner seeks to compel compensation for her father's "colon cancer claim," which was the subject of the final decision issued on February 26, 2014. Respondents argue correctly that Petitioner's filing of this civil action in January 2018 renders that claim untimely. *See* Mem. at 15-16. Regardless, the administrative record Respondents have supplied – while not dispositive of this mandamus action – undermines a claim that the agency's decisions were arbitrary and capricious given the "deferential" standard applicable to APA claims. *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007). *See* Leiton Decl., Ex. 3 (comprehensive denial of Petitioner's colon cancer claim); *Id*., Ex. 10 (comprehensive denial of claim based on father's emphysema and various other maladies).

Similarly, to the extent that Petitioner seeks to compel the production of documents independent of the discovery she allegedly requested during the administrative proceedings, the Freedom of Information Act, 5 U.S.C. § 552, "is the exclusive remedy for obtaining improperly withheld agency records." *Ray v. Fed. Bureau of Prisons*, 811 F. Supp. 2d 245, 249 (D.D.C. 2011) (citing *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002)). Therefore, the instant petition for a writ of mandamus is denied.

## IV.   CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss will be GRANTED. A corresponding order will issue separately.

Date:  April 17, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge